UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN DUNCAN | CIVIL ACTION |
| VERSUS | NO. 08-4617 |
| BURL CAIN | SECTION "N"(6) |

## TRANSFER ORDER

Petitioner, CALVIN DUNCAN, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The State violated its constitutional obligations under <u>Brady v. Maryland</u> in failing to turn over exculpatory and impeachment evidence such that confidence in the outcome of trial is undermined; and

2) Petitioner was denied effective assistance of counsel at trial; and

3) The cumulation of errors denied petitioner a fair trial.



A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Calvin Duncan v. Burl Cain</u>, Civil Action 99-2455 "N"(6).[1] In that petition, petitioner raised the following grounds for relief:

1) Petitioner was denied due process and his Sixth Amendment right to a jury verdict of guilty beyond a reasonable doubt by the trial judge's erroneously instructing the jury on proof beyond a reasonable doubt;

2) Petitioner was denied his right to due process and a fair trial when the state withheld exculpatory and impeachment evidence from the defense;

3) Petitioner was deprived of due process and his Sixth Amendment right to a jury verdict when the trial judge (1) instructed the jury that an alibi defense relieved the state of its burden of proving defendant guilty beyond a reasonable doubt; (2) failed to instruct the jury on the definition of what constitutes "specific criminal intent," an essential element of the crime charged; and, (3) failed to instruct the jury on the elements of armed robbery in accordance with the statute in effect at the time the crime occurred; and

(4) Petitioner was denied effective assistance of counsel at trial.

That petition was denied with prejudice on the merits by Judgment entered October 30, 2000. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals affirmed. <u>Duncan v. Cain</u>, 278 F.3d 537 (5th Cir. 2002). Petitioner's writ of certiorari to the United States Supreme Court was denied. <u>Duncan v. Cain</u>, 537 U.S. 829 (2002).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. Petitioner acknowledges that the petition is second or successive. Petitioner has filed in the United States Fifth Circuit Court of Appeals a motion for authorization to

---

[1] Petitioner had previously filed a habeas petition in June 1996, which was dismissed without prejudice for failure to exhaust all of the claims. <u>Calvin Duncan v. Burl Cain</u>, Civil Action 96-2286 "N"(6).

proceed with the successive habeas petition.[2] <u>In Re: Calvin Duncan</u>, No. 08-30976 (5th Cir. 2008). The motion for authorization is still pending before the court of appeals.

In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must **obtain** authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. In light of the foregoing, Judge Sally Shushan's Order of October 10, 2008 is hereby **VACATED**.

---

[2] Petitioner acknowledges that on April 26, 2006, he sought authorization from the Fifth Circuit Court of Appeals to have the district court consider a protective successive petition and was denied authorization to file. He unsuccessfully sought review of the denial by the U.S. Supreme Court. (Rec. Doc. No. 1, Petitioner's Application for Writ of Habeas Corpus, p. 40).

Accordingly,

**IT IS ORDERED** that CALVIN DUNCAN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _14th_ day of _November_, 2008.

_____
UNITED STATES DISTRICT JUDGE