# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN DUNCAN** | **CIVIL ACTION** |
| **versus** | **NO. 08-4617** |
| **BURL CAIN, WARDEN** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Per agreement of the parties, **IT IS RECOMMENDED** that these proceedings be **STAYED**.

Petitioner, Calvin Duncan, is a state prisoner incarcerated at the Louisiana State Penitentiary, Louisiana. According to Duncan's petition, on January 28, 1985, he was convicted of first degree murder in violation of La. R..S. § 14:30.[1]

---

[1] Fed. Rec. Doc. 1; *State v. Calvin Duncan*, No. 290-908 "G", Parish of Orleans, Criminal District Court, State of Louisiana.

Duncan was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.

Duncan appealed his conviction and sentence raising four claims. His appeal was affirmed on by the state appellate court and the Louisiana Supreme Court denied writs on January 20, 1989.[2] On January 10, 1994, petitioner was granted an out-of-time appeal pursuant to *Lofton v. Whitley*, 905 F.2d 885 (5th Cir. 1990). Petitioner brought eleven issues on this appeal. The Fourth Circuit affirmed petitioner's conviction[3] and the Louisiana Supreme Court denied his request for supervisory and/or remedial writs as to the eight issues he brought before that court.[4] Petitioner applied for a writ of certiorari in the United States Supreme Court which was denied on February 26, 1996.[5]

Petitioner filed two prior federal applications for habeas corpus relief in this Court, with the first being dismissed without prejudice on October 9, 1996 and the second being denied with prejudice after the court considered the merits of

---

[2]*State v. Duncan*, 517 So.2d 1270 (La. App. 4th Cir. 1987); *writ denied*, 536 So.2d 1232 (La. 1989); *reconsideration denied*, 538 So.2d 585 (La. 1989).

[3]*State v. Duncan*, 648 So.2d 1090 (La. App. 4th Cir. 1994).

[4]*State v. Duncan*, 657 So.2d 1028 (La. June 30, 1995).

[5]*Duncan v. Cain*, 537 U.S. 829, 123 S.Ct. 127, 154 L. Ed. 2d 43 (2002).

Duncan's four claims and various sub-claims.[6]  *See*, Civil Action 96-2286 "N"(6); Civil Action 99-2455 "N".

On October 8, 2008, Duncan filed the instant federal petition simultaneously with a motion to stay the action pending the exhaustion of certain issues in the state courts. The federal petition raises three claims for relief (with a multitude of sub-issues), *to wit*: 1) The State violated *Brady v. Maryland*[7] in failing to disclose exculpatory information to Duncan; 2) Duncan did not receive constitutionally effective assistance of counsel; and, 3) the prejudice suffered by Duncan as a result of the collective violations argued in claims 1 and 2 entitle him to relief.  The case was transferred to the U.S. Fifth Circuit Court of Appeals as a successive petition on November 14, 2008.  On December 19, 2008, the U.S. Fifth Circuit Court of Appeals granted Duncan's request for authorization to file a successive federal habeas application based upon new evidence.  Specifically, that court found that Duncan had *not* shown that reports from the Clackamas County Sheriff's Office, court and FBI files related to the federal conviction of a member of the Clackamas County Sheriff's Office, records of his employment with Job Corps,

---

[6]A full recitation of the facts and procedural history can be found in Rec. Doc. 14, filed in *Calvin Duncan v. Burl Cain*, Civil Action 99-2455 "N" (E.D. La.).

[7]373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

and the birth certificate of his cousin, could not have been discovered previously through the exercise of due diligence. However, the court found that Duncan *had* made a *prima facie* showing that microfiche records from the Clackamas County Sheriff's Office, previously undisclosed records found in the file of a New Orleans Police Department homicide detective, and a 2004 statement given by the only eyewitness to the crime, Kristie Emberling, could not have been discovered previously thorough the exercise of due diligence. Finding that Duncan's petition therefore warranted "fuller exploration by the district court", but giving the district court discretion to dismiss Duncan's claims if the court determined that the claims did not meet the standard for the filing of a successive habeas application, the court granted authorization for the petition to be filed in this court.[8]

On January 12, 2009, Duncan re-urged his motion for stay of this federal habeas action. On January 13, 2009, the state was ordered by this court to file a response within thirty days to Duncan's motion for stay and within 90 days to Duncan's federal habeas application.[9] As of this date, the State has failed to file a response to either, although one extension request was granted until May 12, 2009.

---

[8]See Fed. Doc. 8 for a copy of the U.S. Fifth Circuit's Order granting authorization to file to Calvin Duncan.

[9]See Fed. Rec. Docs. 11 and 12.

However, on May 19, 2009, the parties notified the court via telephone that they had agreed that a stay of this matter would be appropriate in light of the petitioner's need to exhaust all of his claims in the state courts prior to consideration of the same by this court. On May 20, 2009, the State, through the Orleans Parish District Attorney's Office, filed a formal written response to petitioner's request, thereby noting for the record the lack of objection to the stay request.[10]

Exhaustion

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner concedes that his claims in the instant federal habeas petition are not exhausted. Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas

---

[10]Rec. Doc. 23.

corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts."). In such a case, the petition is generally dismissed without prejudice to allow a petitioner to bring his claims first in the state courts. Here, however, petitioner explains that his unexhausted petition was filed as a "protective petition" to avoid any potential problem with the federal statute of limitations.[11] The United States Supreme Court has expressly sanctioned the use of such protective petitions. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17

---

[11] Rec. Doc. 2, supporting memorandum, p. 2.

(2005). When such a petition is filed, the district court generally should not dismiss the petition but instead should "stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.*; *see also Rhines v. Weber*, 544 U.S. 269 (2005).

**RECOMMENDATION**

Accordingly, in light of the agreement of the parties that this matter be stayed until full litigation of the issues may occur in the state courts, **IT IS HEREBY RECOMMENDED** that these proceedings be **STAYED** and that the Clerk of Court mark this action **CLOSED** for statistical purposes.

**IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these proceedings within sixty (60) days after the Louisiana Supreme Court issues its ruling on his pending writ application.[12]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

---

[12]Petitioner represents that an application is currently pending before the Louisiana Supreme Court based upon counsel's discovery of new evidence. Rec. Doc. 2 at p. 2.

proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 22nd day of May, 2009.

 LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE