# The Supreme Court of the State of Louisiana

STATE OF LOUISIANA

VS.

CALVIN DUNCAN

NO.   2008-KP-2244

IN RE: Duncan, Calvin; - Defendant; Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. G, No. 290-908; to the Court of Appeal, Fourth Circuit, No. 2008-K-0722;

- - - - -

- - - - -

January 22, 2010

Writ granted.  See per curiam.

BJJ

JLW

GGG

MRC

VICTORY, J., would deny.
KNOLL, J., would deny.

Supreme Court of Louisiana
January 22, 2010

_Kai J. Daigle_
Deputy Clerk of Court
For the Court

SUPREME COURT OF LOUISIANA

No. 08-KP-2244

STATE OF LOUISIANA

v.

CALVIN DUNCAN

On Writ of Certiorari to the
Fourth Circuit Court of Appeal

JAN 2 2 2010

PER CURIAM:

Writ granted in part; case remanded. The district court's judgment denying relator's post-conviction application as time barred under art. 930.8(A) is vacated and the district court is directed to hold an evidentiary hearing only as it relates to relator's recent discovery of a police report authored by Lieutenant Roy Reed and the alleged suppression by the state of evidence relating to possible criminal activity of witness, Detective Loren Peterson. Unless the state establishes that events not under its control have prejudiced its ability to "respond to, negate, or rebut" the newly discovered evidence, see La.C.Cr.P. art. 930.8(B), the district court is instructed to consider whether the state's failure to disclose the material undermines confidence in the outcome of the trial in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. In addition, although relator apparently failed to raise this issue in the district court in conjunction with his application and "[t]he general rule is that appellate courts will not consider issues raised for the first time," Segura v. Frank, 93-1271 (La.

Victory J. and Knoll, J. would deny

1/14/94), 630 So.2d 714, 725; in the interest of judicial economy, the district court

is also instructed to determine whether an arrest warrant, signed by Detective

Demma of the New Orleans Police Department, which listed the race and gender

of the victim, constitutes newly discovered evidence which requires consideration

on the merits as "facts . . . not known to the petitioner or his attorney" under

La.C.Cr.P. art. 930.8(A)(1). In all other respects, relator's application is denied.